# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

ALONZO GABRIEL DAVISON,     )
                                     )
          Plaintiff,        )
                                     )
v.                             )     Case No. CIV-24-483-HE
                                     )
CLIFFORD J. SMITH, et al.,     )
                                     )
          Defendants.     )

## REPORT AND RECOMMENDATION

Plaintiff Alonzo Gabriel Davison, a state prisoner proceeding pro se and in forma pauperis, seeks relief for purported violations of his civil rights. Compl., Doc. 1. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Docs. 5, 12. For the reasons set forth below, the undersigned recommends that the Court dismiss the Complaint in its entirety.

## I.    Relevant Background and Plaintiff's Suit

Plaintiff is a state inmate at the Lawton Correctional and Rehabilitation Facility in Lawton, Oklahoma. Compl. at 2. He is serving a 45-year sentence from 2002 convictions for lewd molestation and sexually abusing a minor in Tulsa County District Court, Case No. CF-2002-1687.[1]

---

[1] The undersigned takes judicial notice of the docket report in Plaintiff's state criminal proceedings and the public databases bearing directly on this case. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Plaintiff alleges that he is an "Indigenous Freedman" and was "first alerted" to the "Indigenous status of his ancestors" after reading the dissent by Chief Justice Roberts in *McGirt v. Oklahoma*, 591 U.S. 894 (2020). Compl. at 18, 22. Plaintiff claims that, after reading *McGirt*, he "contacted the Oklahoma Historical Society," "create[d] a genealogy chart of his ancestr[]al lineage," and "concluded that he is an Indian as defined by the Major Crimes Act." *Id.* at 23. Plaintiff further alleges that his underlying crimes of conviction "occurred in West Tulsa, which is (Muskogee) Creek Reservation as defined by the Major Crimes Act," his crimes are "enumerated in the Major Crimes Act," and therefore "the State of Oklahoma lacked subject-matter jurisdiction to prosecute him." *Id.* at 18.

Plaintiff raised *McGirt*-related jurisdictional arguments with post-conviction filings in state and federal court. He filed a motion for post-conviction relief before the state district court, and that court denied relief on October 16, 2020. The Oklahoma Court of Criminal Appeals denied Plaintiff's post-conviction appeal on October 1, 2021. Plaintiff later moved for authorization before the Tenth Circuit Court of Appeals to file a second or successive application for relief under 28 U.S.C. § 2254, claiming that he had recently learned of his Native American heritage and should not have been prosecuted in state court given the *McGirt* ruling.[2] The Tenth Circuit denied his motion on May 6, 2022. *See In re Alonzo G. Davison*, No. 22-5024, slip op. at 3 (10th Cir. May 6, 2022).

---

[2] Plaintiff filed his first 28 U.S.C. § 2254 petition in federal court in 2016, well before *McGirt*. The district court dismissed that petition as untimely and the Tenth Circuit denied a certificate of appealability. *See Davison v. McCollum*, 696 F. App'x 859 (10th Cir. 2017).

Now before this Court, Plaintiff seeks relief against various defendants under 42

U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403

U.S. 388 (1971). Compl. at 2-3, 10-16. He alleges each Defendant

> was acting under the color of state, federal, tribal, or international law as it
> pertains to the adjudication of Plaintiff's post-conviction proceedings, where
> he raised a federal jurisdiction question regarding the Major Crimes Act.
> Each named Defendant has a policy, practice and/or custom that is
> contributing to and a direct cause of the violation of the Ex Post Facto Clause
> and Plaintiff's Procedural Due Process Rights of the Oklahoma and United
> States Constitutions, and the Rome Statute of the International Courts,
> Article 7, Crimes Against Humanity. The policy, practice, and/or custom is
> the purposeful miscategorization of Plaintiff and other African-Descendant
> Native Americans, and depriving them of privileges associated with the
> status of Indigenous people.

*Id.* at 17. The Complaint names 21 Defendants in their individual and official capacities:

- State and federal judges who ruled on his post-conviction motions (Judges Clifford Smith, Scott Rowland, Rob Hudson, Gary Lumpkin, David Lewis, Tim Tymkovich, Jerome Holmes, and Joel Carson) (collectively "Defendant Judges");

- Elected state and local officials (Governor Kevin Stitt, Attorney General Gentner Drummond, State Superintendent of Education Ryan Walters, Tulsa Mayor G.T. Bynum, and Tulsa County District Attorney Stephen Kunzweiler);

- Steven Harpe, Director of the Oklahoma Department of Corrections;

- Federal officials (Secretary of the Interior Deb Halaand and Regional Director of Bureau of Indian Affairs ("BIA") Eddie Streeter); and

- Leaders of Oklahoma tribal nations (Principal Chief David Hill of the Muskogee Nation, Principal Chief Charles Haskins of the Cherokee Nation, Governor Bill Anoatubby of the Chickasaw Nation, Chief Gary Batton of the Choctaw Nation, and Principal Chief Greg P. Chilcoat of the Seminole Nation).

Plaintiff seeks declaratory relief that all Defendants have violated his Procedural Due Process and/or Ex Post Facto rights. *Id.* at 30-33. He also asks the Court to

- "[c]reate a department in the Oklahoma [D]epartment of Corrections" that would work with BIA and the Oklahoma Historical Society to determine whether any state inmate "currently labeled as Black, African-American, and Persons of Color, is in fact an African-Descendant Native American";

- "adjust" the sentence of any "African-Descendant Native American" to "federal guidelines"; and

- "[t]ransfer all African-Descendant Native Americans to the Correctional Facilities in the Historical All Black Towns" in Oklahoma.

*Id.* at 33.

## II. <u>Screening</u>

When a plaintiff proceeds in forma pauperis, the Court has a duty to screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court has the same duty when a prisoner seeks relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a)-(b).

In evaluating whether a complaint adequately states a claim, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted) (discussing standard of review for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii)); *see also Requena v. Roberts*, 893 F.3d 1195, 1204-05 (10th Cir. 2018) (discussing standard of review for failure to state a claim under 28 U.S.C. § 1915A(b)(1)). Importantly, a complaint may not offer only "naked assertions devoid of further factual enhancement," but it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Given this requirement for well-pled facts, the Court will not accept legal conclusions unsupported by adequate factual allegations. *Id.* Instead, the Court will review a complaint to determine whether a plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Finally, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court will not, however, provide a plaintiff with arguments or act as his advocate. *See id.*

## III.  **Analysis**

Plaintiff asserts § 1983 claims against several state officials. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff also brings claims against two federal officials under *Bivens*. The Supreme Court in *Bivens* "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*,

534 U.S. 61, 66 (2001).  For the reasons described below, the undersigned recommends dismissal of all claims against all Defendants.

> ### A.    Plaintiff's suit attacks the validity of his current state sentence and is barred by *Heck v. Humphrey*.

Plaintiff fundamentally challenges the validity of his Tulsa County conviction by alleging the State of Oklahoma did not have subject-matter jurisdiction to prosecute him. The Complaint asks the Court to declare Defendants violated his Constitutional rights related to the adjudication of his post-conviction proceedings.  Compl. at 30-33.

Plaintiff, however, cannot seek any remedies under § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Put another way,

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* principles to declaratory relief in a § 1983 suit).  Rather than a § 1983 action, a prisoner "must seek federal habeas corpus relief (or appropriate state relief) instead."  *Wilkinson*, 544 U.S. at 78.

Plaintiff has not alleged that his underlying Tulsa County conviction was reversed or invalidated; indeed, he seeks a declaration through this § 1983 action that such conviction was unconstitutional.  Judgment in favor of Plaintiff's claims would imply the invalidity of his state court criminal proceedings, so *Heck* bars review of Plaintiff's suit. In fact, the Tenth Circuit recently affirmed the dismissal of a state prisoner's § 1983 action seeking a similar declaration that his state conviction was invalid after *McGirt*.  *Hooper v. Stitt*, No. 23-6049, 2023 WL 5923920, at *1-2 (10th Cir. Sept. 12, 2023).  The Tenth Circuit rejected the state prisoner's jurisdictional arguments because those claims "challenge the fact or duration of his confinement."  *Id.* at *2 (quoting *Wilkinson*, 544 U.S. at 78).

Accordingly, the entirety of Plaintiff's suit should be dismissed without prejudice because his claims challenge the validity of his state-court conviction that has not been previously invalidated.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.")

### B.    In addition to dismissal without prejudice under *Heck*, Plaintiff's claims against certain Defendants should be dismissed with prejudice.

#### 1.    Defendant Judges have absolute immunity, and Plaintiff's claims against them should be dismissed with prejudice.

Plaintiff names in his Complaint various state and federal judges who denied his post-conviction filings that raised *McGirt*-related arguments.  As detailed above, those Defendants include (1) a Tulsa County district judge, (2) four judges on the Oklahoma Court of Criminal Appeals, and (3) three judges on the Tenth Circuit Court of Appeals. Compl. at 10-12.

Judges have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). This doctrine has only two exceptions: for actions (1) "not taken in the judge's judicial capacity," or (2) "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id.* Courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Neither exception to the doctrine of judicial immunity applies here. Plaintiff alleges Defendant Judges denied his Constitutional rights when ruling on his post-conviction filings, in their judicial capacities. Further, Plaintiff does not claim the Defendant Judges "acted in the clear absence of all jurisdiction," *id.* at 357 (internal quotation marks omitted), to decide the matters before them. Accordingly, Defendant Judges are immune from suit. *See*, *e.g.*, *Smith v. Glanz*, 662 F. App'x 595, 596 (10th Cir. 2016) (affirming dismissal with prejudice based on judicial immunity); *see also Ray v. Quisenberry*, No. 23-6038, 2023 WL 3634720, at *2 (10th Cir. May 25, 2023) (affirming dismissal with prejudice for claims barred by absolute judicial immunity).

### 2.    Defendant Kunzweiler has absolute immunity, and Plaintiff's claims against him should also be dismissed with prejudice.

Plaintiff also sues Tulsa County District Attorney ("DA") Steven Kunzweiler related to his office's handling of post-conviction applications "filed by African-Descendant Native Americans in Indian Country."  Compl. at 25.  "A prosecutor is absolutely immune for activities which are 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citing *Imbler*, 424 U.S. at 425-28).  A prosecutor does not lose this immunity "even if the prosecutor acted with an improper state of mind or improper motive." *Medina v. Weber*, 531 F. App'x 902, 903 (10th Cir. 2013) (internal quotation marks omitted).

Plaintiff's claims against DA Kunzweiler relate to the prosecutor's activities associated with the judicial process.  As such, DA Kunzweiler has absolute immunity and Plaintiff's claims against him should be dismissed with prejudice.  *See Glaser v. City & Cty. of Denver, Colo.*, 557 F. App'x 689, 704-05 (10th Cir. 2014) (affirming a district

court's dismissal with prejudice of § 1983 claims against a state prosecutor who had absolute immunity).[3]

## IV.   <u>**Recommendation and Notice of Right to Object**</u>

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Complaint, Doc. 1, be **DISMISSED** in its entirety.   In particular, the undersigned recommends that the Complaint be **DISMISSED WITHOUT PREJUDICE** because *Heck v. Humphrey* bars judicial review of Plaintiff's suit.   Further, the undersigned recommends that Plaintiff's claims against the following Defendants be **DISMISSED WITH PREJUDICE** based on absolute immunity:

- Defendant Judges Clifford Smith, Scott Rowland, Rob Hudson, Gary Lumpkin, David Lewis, Tim Tymkovich, Jerome Holmes, and Joel Carson—the various state and federal judges who ruled on Plaintiff's post-conviction motions after *McGirt*; and

- Defendant Stephen Kunzweiler, the Tulsa County DA whose office was involved with Plaintiff's post-conviction filing.

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.   Any objection must be filed with the Clerk of the District Court by November 7, 2024.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).   Failure to object timely to this Report and Recommendation waives the right to appellate review of the

---

[3] Plaintiff also alleges constitutional violations against Attorney General Drummond— along with the State of Oklahoma, Department of Corrections, and BIA—related to practices generally "mischaracterizing the African-Descendant Native Americans."  *Id.* at 26.  Those claims, however, challenge activities that weren't necessarily "an integral part of the judicial process," *Imbler*, 424 U.S. at 430 (internal quotation marks omitted), so the undersigned does not recommend dismissal of the claim against the Attorney General based on absolute immunity.

factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 17th day of October, 2024.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE