**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALONZO GABRIEL DAVISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-24-0483-HE |
| | ) | |
| CLIFFORD J. SMITH, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Alonzo Gabriel Davison, a state prisoner proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Chris M. Stephens for initial proceedings. On October 17, 2024, Magistrate Judge Stephens issued a Report and Recommendation recommending the dismissal of plaintiff's complaint in its entirety. Specifically, Magistrate Judge Stephens recommended plaintiff's claims against defendants Clifford Smith, Scott Rowland, Rob Hydson, Gary Lumpkin, David Lewis, Tim Tymkovich, Jerome Holmes, Joel Carson, and Stephen Kunzweiler be dismissed with prejudice based on absolute immunity and plaintiff's remaining claims be dismissed without prejudice based on Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff was advised of his right to object to the Report and Recommendation by November 7, 2024. Plaintiff has objected to the Report triggering *de novo* review of matters to which objection has been raised.

Plaintiff asserts that his claims do not attack the validity of his current sentence and, therefore, are not barred by Heck.  However, in his complaint, Plaintiff alleges that the state courts did not have subject matter jurisdiction to prosecute him, an allegation that directly challenges the validity of plaintiff's conviction and sentence.  Plaintiff also asserts Magistrate Judge Stephens misstated the claims he was asserting.  Upon *de novo* review, the court concludes there has been no misstatement of plaintiff's claims.  Plaintiff further objects to the Magistrate Judge's finding that the defendant judges are entitled to absolute immunity.  The United States Supreme Court has held that judges have absolute judicial immunity for acts taken in their judicial capacity.  *See* Stump v. Sparkman, 435 U.S. 349, 355-57 (1978).  Because plaintiff's claims challenge the defendant judges' actions and rulings, the defendant judges have absolute immunity.  Finally, plaintiff objects to Magistrate Judge Stephens' finding that defendant Kunzweiler has absolute immunity. "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."  Nielander v. Board of Cnty. Comm'rs of Cnty. of Republic, Kan., 582 F.3d 1155, 1164 (10th Cir. 2009).

Accordingly, upon the court's *de novo* review, the Report and Recommendation [Doc. #13] is **ADOPTED**, and the claims against defendants Clifford Smith, Scott Rowland, Rob Hydson, Gary Lumpkin, David Lewis, Tim Tymkovich, Jerome Holmes, Joel Carson, and Stephen Kunzweiler are **DISMISSED** with prejudice based upon absolute

immunity, and plaintiff's remaining claims are **DISMISSED** without prejudice as barred

by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

      **IT IS SO ORDERED**.

      Dated this 19th day of November, 2024.

JOE HEATON
UNITED STATES DISTRICT JUDGE